MAY 1 9 2010

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.: 1:10-CR-188 |
| | ) | |
| v. | ) | Filed: |
| | ) | |
| KASON INDUSTRIES, INC. | ) | Violation:  15 U.S.C. § 1 |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America and Kason Industries, Inc. ("defendant"),
a corporation organized and existing under the laws of the State of New York,
hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B)
of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1.      The defendant understands its rights:

    (a)     *to be represented by an attorney;*

    (b)     to be charged by Indictment;

    (c)     to plead not guilty to any criminal charge brought against

it;

    (d)     to have a trial by jury, at which it would be presumed not

guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(e)   to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(f)   to appeal its conviction if it is found guilty; and

(g)   to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2.   The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(f) above.  The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court.  This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).  Nothing in this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies it

2

may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.  Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count Information to be filed in the United States District Court for the Northern District of Georgia.  The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition by allocating customers for the sale of commercial and institutional food service equipment component hardware, including walk-in refrigeration equipment, in the United States and elsewhere, beginning at least as early as December 2004 and continuing thereafter at least through December 2008, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.    The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.    Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

3

(a)   For purposes of this Plea Agreement, the "relevant period"
is that period beginning at least as early as December 2004 and
continuing thereafter at least through December 2008.  During the
relevant period, the defendant was a corporation organized and existing
under the laws of the State of New York.  The defendant has its
principal place of business in Newnan, Georgia.  During the relevant
period, the defendant was engaged in the manufacture and sale of
commercial and institutional food service equipment component
hardware, including walk-in refrigeration equipment, in the United
States and elsewhere.   Affected products included certain fabricated
parts such as cafeteria hardware, equipment legs and casters, and
fabrication supplies, and walk-in refrigeration components such as
metal racks, door hinges, handles, latches and closers, and panel
fasteners.

(b)   During the relevant period, the defendant, through its
then chief executive officer, participated in a conspiracy with a

4

competitor engaged in the manufacture and sale of commercial and institutional food service equipment component hardware, the primary purpose of which was to suppress and eliminate competition by allocating customers for the sale of commercial and institutional food service equipment component hardware, including walk-in refrigeration equipment, in the United States and elsewhere.  In furtherance of the conspiracy, the defendant, through its then chief executive officer, engaged in discussions and attended meetings with  representatives of another major commercial and institutional food service equipment component hardware manufacturer.  During these discussions and meetings, agreements were reached to suppress and eliminate competition by allocating customers for the sale of commercial and institutional food service equipment component hardware, including walk-in refrigeration equipment, in the United States and elsewhere.

(c)    During the relevant period, commercial and institutional food service equipment component hardware sold by one or more of the conspirator firms, and equipment and supplies necessary to the production and distribution of commercial and institutional food service equipment component hardware, as well as payments for commercial

5

and institutional food service equipment component hardware, traveled in interstate and foreign commerce. The business activities of the defendant and its co-conspirators in connection with the manufacture and sale of commercial and institutional food service equipment component hardware that were the subjects of this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

(d)     This conspiracy was formed and carried out, in part, within the Northern District of Georgia, Atlanta Division. Some of the conspiratorial meetings and discussions described above took place in Atlanta. The commercial and institutional food service equipment component hardware that was the subject of this conspiracy was sold by one or more of the conspirators to customers in this District.

## POSSIBLE MAXIMUM SENTENCE

5.     The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a)     $100 million (15 U.S.C. § 1);

6

(b)     twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)     twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

6.     In addition, the defendant understands that:

(a)     pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)     pursuant to §8B.1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c)     pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction of the charged crime.

## SENTENCING GUIDELINES

7.     The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence.  The defendant

7

understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard.  The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).  Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

8.   Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree that they will jointly recommend, as the appropriate disposition of this case, that the Court impose a sentence requiring the defendant to pay to the United States a criminal fine of $3.3 million, payable in installments as set forth below without interest pursuant to 18 U.S.C. § 3612(f)(3)(A) ("the recommended sentence").  The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not

8

adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek or support any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

(a)     The United States and the defendant agree to recommend, in the interest of justice pursuant to 18 U.S.C. § 3572(d)(1) and U.S.S.G. §8C3.2(b), that the fine be paid in the following installments: within ten (10) days of imposition of sentence – $750,000; at the one-year anniversary of imposition of sentence ("anniversary") -- $400,000; at the two-year anniversary – $400,000; at the three-year anniversary – 400,000; at the four-year anniversary – $400,000; and at the five-year anniversary – $950,000; provided, however, that the defendant shall have the option at any time before the five-year anniversary of prepaying, in whole or in part, the remaining balance then owing on the fine.

(b)     The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in

addition to any fine imposed.

9.   The United States and the defendant agree that the applicable Guidelines fine range exceeds the fine contained in the recommended sentence set out in Paragraph 8 above. The United States and the defendant further agree that the recommended fine is appropriate, pursuant to U.S.S.G. §8C3.3(b), due to the inability of the defendant to pay a fine greater than that recommended without substantially jeopardizing its continued viability.

10.   Subject to the ongoing, full, and truthful cooperation of the defendant described in Paragraph 13 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and its commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct.

11.   The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea Agreement. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court

does not impose the recommended sentence contained in this Plea Agreement, it nevertheless has no right to withdraw its plea of guilty.

12.  In light of the availability of civil causes of actions, which potentially provide for a recovery of a multiple of actual damages, the United States agrees that it will not seek a restitution order for the offense charged in the Information.

### DEFENDANT'S COOPERATION

13.  The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the manufacture or sale of commercial and institutional food service equipment component hardware in the United States, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the defendant shall include, but not be limited to:

(a)  producing to the United States all non-privileged documents, information, and other materials, wherever located, in the possession, custody, or control of the defendant, requested by the

11

United States in connection with any Federal Proceeding; and

(b)      using its best efforts to secure the ongoing, full, and truthful cooperation, as defined in Paragraph 14 of this Plea Agreement, of the current and former directors, officers, and employees of the defendant, other than Peter A. Katz, who is the subject of a separate Plea Agreement, as may be requested by the United States, including making these persons available, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

14.    The ongoing, full, and truthful cooperation of each person described in Paragraph 13(b) above will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

(a)      producing all non-privileged documents, including claimed personal documents, and other materials, wherever located, requested by attorneys and agents of the United States;

(b)      making himself or herself available for interviews, not at the expense of the United States, upon the request of attorneys and agents of the United States;

12

(c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d)     otherwise voluntarily providing the United States with any non-privileged material or information, not requested in (a) - (c) of this paragraph, that he or she may have that is related to any Federal Proceeding;

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial and other judicial proceedings, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f)     agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 16(c), the statute of limitations period for any Relevant Offense as defined in

13

Paragraph 16(a) shall be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under the Plea Agreement.

## GOVERNMENT'S AGREEMENT

15.     Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence, and subject to the cooperation requirements of Paragraph 13 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against the defendant for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of commercial and institutional food service equipment component hardware. The non-prosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

16.     The United States agrees to the following:

(a)     Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence and subject to the exceptions noted in Paragraph 16(c), the United States will not bring

14

criminal charges against any current or former director, officer, or employee of the defendant for any act or offense committed before the date of this Plea Agreement and while that person was acting as a director, officer, or employee of the defendant that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of commercial and institutional food service equipment component hardware ("Relevant Offense"), except that the protections granted in this paragraph shall not apply to Peter A. Katz, who is the subject of a separate Plea Agreement;

(b)   Should the United States determine that any current or former director, officer, or employee of the defendant may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c)   If any person requested to provide cooperation under Paragraph 16(b) fails to comply with his or her obligations under

15

Paragraph 14, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

(d)     Except as provided in Paragraph 16(e), information provided by a person described in Paragraph 16(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e)     If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of this Plea Agreement, the agreement in Paragraph 16(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

(f)     The non-prosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or

16

securities laws, or to any crime of violence; and

(g)   Documents provided under Paragraphs 13(a) and 14(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the defendant.

## REPRESENTATION BY COUNSEL

17.   The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

18.   The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement.  The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

17

## VIOLATION OF PLEA AGREEMENT

19.    The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full and truthful cooperation, as described in Paragraph 13 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement.  The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any offense referred to in Paragraph 15 of this Plea Agreement, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

18

20.    The defendant understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea Agreement, because of the defendant's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by it, or current or former directors, officers, or employees of it to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it in any such further prosecution.  In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

21.    This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case.  This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

22.    The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

23. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

24. A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: _____5/19/10_____          Respectfully submitted,

BY: _____       BY: _____
Kason Industries, Inc.                 JUSTIN M. NICHOLSON
                                       JAMES J. KUROSAD
                                       Attorneys
BY: _____            U.S. Department of Justice
JAMES R. MCGIBBON                      Antitrust Division
Counsel for Kason Industries           75 Spring Street, SW,
                                       Suite 1176
                                       Atlanta, GA 30303
                                       404-331-7100

20