MAY 19 2010

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.: 1:10-CR-188 |
| | ) | |
| v. | ) | Filed: |
| | ) | |
| PETER A. KATZ, | ) | Violation: 15 U.S.C. § 1 |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America and Peter A. Katz ("defendant") hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1.  The defendant understands his rights:

    (a)  to be represented by an attorney;

    (b)  to be charged by Indictment;

    (c)  to plead not guilty to any criminal charge brought against him;

    (d)  to have a trial by jury, at which he would be presumed not guilty of the charge and the United States would have to prove every

essential element of the charged offense beyond a reasonable doubt for him to be found guilty;

    (e)    to confront and cross-examine witnesses against him and to subpoena witnesses in his defense at trial;

    (f)    not to be compelled to incriminate himself;

    (g)    to appeal his conviction, if he is found guilty; and

    (h)    to appeal the imposition of sentence against him.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2.    The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2241 or 2255, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nothing in this paragraph, however, shall act as a bar to the

defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the Northern District of Georgia. The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition by allocating customers for the sale of commercial and institutional food service equipment component hardware, including walk-in refrigeration equipment, in the United States and elsewhere, beginning at least as early as December 2004 and continuing thereafter at least through December 2008, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3. The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

4. Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a) For purposes of this Plea Agreement, the "relevant period" is that period beginning at least as early as December 2004 and continuing thereafter at least through December 2008. During the relevant period, the defendant was the president of Kason Industries, Inc. ("Kason"), an entity organized and existing under the laws of the State of New York and with its principal place of business in Newnan, Georgia. During the relevant period, Kason was a manufacturer and seller of commercial and institutional food service equipment component hardware, including walk-in refrigeration equipment, in the United States and elsewhere. Affected products included fabricated parts such as cafeteria hardware, equipment legs and casters, and fabrication supplies, and walk-in refrigeration components such as metal racks, door hinges, handles, latches and closers, and panel fasteners.

(b) During the relevant period, the defendant participated in a conspiracy with other persons and entities engaged in the manufacture and sale of commercial and institutional food service equipment component hardware, the primary purpose of which was to suppress and eliminate competition by allocating customers for the sale of

commercial and institutional food service equipment component hardware, including walk-in refrigeration equipment, in the United States and elsewhere. In furtherance of the conspiracy, the defendant engaged in conversations and attended meetings with representatives of another major commercial and institutional food service equipment component hardware manufacturer. During such meetings and conversations, agreements were reached to suppress and eliminate competition by allocating customers for the sale of commercial and institutional food service equipment component hardware, including walk-in refrigeration equipment, in the United States and elsewhere.

(c)     During the relevant period, commercial and institutional food service equipment component hardware sold by one or more of the conspirator firms, and equipment and supplies necessary to the production and distribution of commercial and institutional food service equipment component hardware, as well as payments for commercial and institutional food service equipment component hardware, traveled in interstate and foreign commerce. The business activities of the defendant and co-conspirators in connection with the manufacture and sale of commercial and institutional food service equipment component

5

hardware that were the subjects of this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

(d) This conspiracy was formed and carried out, in part, within the Northern District of Georgia, Atlanta Division. Some of the conspiratorial meetings and discussions described above took place in Atlanta. The commercial and institutional food service equipment component hardware that was the subject of this conspiracy was sold by one or more of the conspirators to customers in this District.

## POSSIBLE MAXIMUM SENTENCE

5. The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act is:

(a) a term of imprisonment for ten (10) years (15 U.S.C. § 1);

(b) a fine in an amount equal to the greatest of (1) $1,000,000, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571 (b) and (d)); and

(c)   a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be required to serve up to two (2) years in prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") §5D1.2(a)(2)).

6.   In addition, the defendant understands that:

(a)   pursuant to U.S.S.G. §5E1.1 or 18 U.S.C. § 3663(a)(3) or 3583(d), the Court may order him to pay restitution to the victims of the offense; and

(b)   pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

7.   The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by

a preponderance of the evidence standard. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

8. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States agrees that it will recommend, as the appropriate disposition of this case, that the Court impose a sentence at the lower end of the advisory guidelines range of Offense Level 12 and no criminal fine ("the recommended sentence"). The United States will not object to the defendant's request that he be allowed to self-surrender to the assigned prison facility on the specified date. The defendant understands that the Court will order him to pay a $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any fine

imposed.

9. The United States and the defendant agree that the applicable Guidelines imprisonment range exceeds the term of imprisonment contained in the recommended sentence set out in Paragraph 8 above. Subject to the full and continuing cooperation of the defendant, as described in Paragraph 12 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. §5K1.1, for a downward departure from the Guidelines imprisonment range in this case and will request that the Court impose the term of imprisonment contained in the recommended sentence set out in Paragraph 8 of this Plea Agreement because of the defendant's substantial assistance in the government's investigation and prosecution of violations of federal criminal law in the commercial and institutional food service equipment component hardware, including walk-in refrigeration equipment, industry.

10. Subject to the ongoing, full, and truthful cooperation of the defendant described in Paragraph 12 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and his commitment to prospective cooperation with the United

States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct. To enable the Court to have the benefit of all relevant sentencing information, the United States may request, and the defendant will not oppose, that sentencing be postponed until his cooperation is complete.

11. The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea Agreement. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the recommended sentence contained in this Plea Agreement, he nevertheless has no right to withdraw his plea of guilty.

## DEFENDANT'S COOPERATION

12. The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the manufacture or sale of commercial and institutional food service equipment component hardware, including walk-in refrigeration equipment, in the United States and elsewhere, any other federal investigation resulting

therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the defendant shall include, but not be limited to:

(a) producing to the United States all non-privileged documents, including claimed personal documents, and other materials, wherever located, in the possession, custody, or control of the defendant, requested by attorneys and agents of the United States;

(b) making himself available for interviews in the United States, not at the expense of the United States, upon the request of attorneys and agents of the United States;

(c) responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d) otherwise voluntarily providing the United States with any non-privileged material or information, not requested in (a) - (c) of this paragraph, that he may have that is related to any Federal Proceeding; and

(e) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial and other judicial proceedings in the United States, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*).

## GOVERNMENT'S AGREEMENT

13. Subject to the full, truthful, and continuing cooperation of the defendant, as described in Paragraph 12 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence, the United States will not bring further criminal charges against the defendant for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of commercial and

institutional food service equipment component hardware, including walk-in refrigeration equipment ("Relevant Offense"). The non-prosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

## REPRESENTATION BY COUNSEL

14. The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement. After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## VOLUNTARY PLEA

15. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has

made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## **VIOLATION OF PLEA AGREEMENT**

16.   The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full and truthful cooperation, as described in Paragraph 12 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify the defendant or his counsel in writing by personal or overnight delivery or facsimile transmission and may also notify his counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense shall be tolled for the period between the

date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

17. The defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement based on the defendant's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him in any such further prosecution. In addition, the defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

18. This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

19. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

20. A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: 30 April, 2010    Respectfully submitted,

BY: _____
PETER A. KATZ
Defendant

_____
NICHOLAS A. LOTITO
Counsel for Peter A. Katz

BY: _____
JUSTIN M. NICHOLSON
JAMES J. KUROSAD
Attorneys
U.S. Department of Justice
Antitrust Division
75 Spring Street, SW
Suite 1176
Atlanta, GA 30303
404-331-7100

**ORIGINAL**

## **COMPLIANCE CERTIFICATE PURSUANT TO LR 7.1**

Pursuant to LR 7.1D, this is to certify that the foregoing QUALSERV CORPORATION'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT complies with the font and point selections approved by the Court in LR 5.1C. Undersigned counsel further certifies that this document was prepared using Times New Roman font, 14 point.

*/s/ William P. Carr*
William P. Carr