# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| QUALSERV CORPORATION on Behalf of Itself and all Others Similarly Situated, | No. 1:10-cv-1849 |
| | **CLASS ACTION** |
| Plaintiff, | |
| | **[PROPOSED] ORDER GRANTING MOTION FOR CONSOLIDATION OF RELATED CASES AND FOR APPOINTMENT OF INTERIM CLASS COUNSEL** |
| vs. | |
| KASON INDUSTRIES INC., PETER A. KATZ, and JOHN DOE 1, | |
| Defendants. | **Hon. William S. Duffey, Jr.** |
| KOHLDER MANUFACTURING CO. INC. on Behalf of Itself and all Others Similarly Situated, | |
| Plaintiff, | No. 1:10-cv-1875 |
| vs. | |
| KASON INDUSTRIES, INC., PETER A. KATZ, and JOHN DOES 1-10, | |
| Defendants. | |

Having considered Plaintiffs QualServ Corporation and Kohlder Manufacturing Co. Inc.'s (collectively, the "Plaintiffs") Joint Motion For Consolidation of Related Cases and For Appointment Of Interim Co-Lead and Liaison Counsel, and the Plaintiffs' Memorandum of Law and Exhibits thereto, and good cause appearing therefore:

**IT IS HEREBY ORDERED:**

**I.     CONSOLIDATION**

The above-captioned related actions and any other action filed that is related to these actions are hereby consolidated into one action ("Consolidated Action") for all purposes, pursuant to Federal Rule of Civil Procedure 42(a).

1. This Order ("Order") shall apply as specified to the Consolidated Action and to each case that relates to the Consolidated Action that is subsequently filed in this Court or transferred to this Court under 28 U.S.C. § 1404 and is consolidated with the Consolidated Action.

**II.    MASTER DOCKET AND MASTER FILES**

2. A Master File is hereby established for the Consolidated Action. The Master File Docket number shall be Civil Action No. _____. The Consolidated Action shall be entitled: "*In re Food Service Equipment Hardware Antitrust Litigation*." The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

3. An original of this Order shall be filed by the Clerk in the Master File.

4. The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

**III.   CAPTION OF CASE**

5. Every pleading filed in the Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| IN RE FOOD SERVICE EQUIPMENT HARDWARE ANTITRUST LITIGATION | Master Consolidated Case File No. _____ |
|---|---|
| **THIS DOCUMENT RELATES TO:** | |

6. When the document being filed is intended to apply to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Documents Relates To:". When a pleading is intended to apply to only some, but not all, of the actions, the document shall list, immediately after the phrase "This Documents Relates To:", both the docket number for each individual action to which the document applies, and the last name of the first-listed plaintiff in said action.

**IV.     NEWLY-FILED ACTIONS**

7. The parties shall file a Notice of Related Cases whenever a case that should be consolidated into the Consolidated Action is filed in, or transferred to, this Court. If the Court determines that the case is related, the clerk shall:

  (a) place a copy of this Order in the separate file for such action;

  (b) serve on plaintiff's counsel in the new case a copy of this Order;

  (c) direct that this Order be served upon defendants in the new case; and

  (d) make the appropriate entry in the Master Docket.

8. Each case that relates to the Consolidated Action that is subsequently filed in or transferred to this Court shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation or any provision in this Order. Any

objection to this Order shall be made within ten (10) days after the date upon which a copy of this Order is served on counsel for any party by filing an application for relief with the Court.

## V. APPOINTMENT OF INTERIM CLASS COUNSEL

9. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints the following law firms as Plaintiffs' Interim Co-Lead Class Counsel for the direct purchaser plaintiffs and the proposed classes:

> **Labaton Sucharow LLP**
> 140 Broadway
> New York, NY 10005
> Telephone: (212) 907-0700
>
> **Hausfeld LLP**
> 1700 K Street, NW Suite 650
> Washington, DC 20006
> Telephone: (202) 540-7200

10. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints the following individual as Plaintiffs' Liaison Counsel for the direct purchaser plaintiffs and the proposed classes:

> W. Pitts Carr
> 10 North Parkway Square
> 4200 Northside Parkway
> Atlanta, GA 30327
> Telephone: (404) 442-9000

11. Plaintiffs' Interim Co-Lead Class Counsel shall have overall case management and litigation responsibility and shall assume and exercise the following powers and responsibilities in the most efficient manner that benefits the proposed class:

(a) To make all work assignments on behalf of direct purchaser plaintiffs in such a manner as to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

(b) To prohibit the reimbursement of time and expenses for any work assignments by direct purchaser plaintiffs' counsel not authorized in advance by co-lead counsel;

(c) To supervise and monitor the activities of direct purchaser plaintiffs' counsel and to implement procedures to ensure that unnecessary expenditures of time and funds by counsel are avoided;

(d) To determine and present in pleadings, motions, briefs, oral argument or such other fashion as may be appropriate to the Court and opposing parties, the position of the direct purchaser plaintiffs as to all matters arising during all pretrial and trial proceedings;

(e) To conduct or coordinate discovery on behalf of direct purchaser plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure;

(f) To enter into stipulations with opposing counsel for the conduct of the direct purchaser litigation;

(g) To sign all papers filed or submitted on behalf of direct purchaser plaintiffs;

(h) To conduct all pre-trial, trial and post-trial proceedings on behalf of direct purchaser plaintiffs;

(i) To employ and consult with experts;

(j) To call and chair meetings of direct purchaser plaintiffs' counsel when deemed appropriate;

(k) To be the sole persons authorized to conduct settlement negotiations with defendants on behalf of direct purchaser plaintiffs;

(l) To otherwise coordinate the work of all direct purchaser plaintiffs' counsel, and perform such other duties as the Plaintiffs' Interim Co-Lead Class Counsel deem necessary or as authorized by further order of the Court; and

(m) To exercise their judgment to apportion among plaintiffs' counsel any fees and reimbursed expenses received in connection with this litigation.

12. No pleadings, motions or other papers shall be filed or discovery conducted by any plaintiff except as directed or undertaken by Plaintiffs' Interim Co-Lead Class Counsel.

13. All plaintiffs' counsel shall submit to Plaintiffs' Interim Co-Lead Class Counsel a record of the time expended to date in the form set forth by Plaintiffs' Interim Co-Lead Class Counsel on a monthly basis or on such other schedule as may be established, from time to time, by Plaintiffs' Interim Co-Lead Class Counsel. No firm may submit time unless for work expressly assigned by Interim Co-Lead Class Counsel. Rates charged should be reasonable and customary for the same or similar work in this District. Time not submitted in accordance with this Order will be ineligible for any fee application. Plaintiffs' Interim Co-Lead Class Counsel shall effect service on plaintiffs by serving a copy on all other plaintiffs' counsel by electronic mail, overnight mail, telecopy or hand delivery. The Court's Master Service List shall govern in all proceedings.

14. Plaintiffs' Interim Co-Lead Class Counsel shall be the contact between plaintiffs' counsel and defendants' counsel as well as the spokesperson for plaintiffs' counsel and shall direct and coordinate the activities of plaintiffs' counsel and shall also be responsible for

communicating with the Court. Plaintiffs' Interim Co-Lead Class Counsel are designated as the contact persons from plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of this litigation. Plaintiffs' Liaison Counsel shall be responsible for receiving and, as appropriate, distributing to Interim Co-Lead Class Counsel Orders from the Court and documents from opposing counsel, and otherwise facilitating and expediting communications among Interim Co-Lead Class Counsel and the Court.

15. The terms of this Order, the consolidation and coordination ordered herein, and the appointment of Plaintiffs' Interim Co-Lead Class Counsel and Liaison Counsel shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

## VI. SERVICE OF PLEADINGS AND OTHER PARTIES

16. Service by the Defendants on Plaintiffs of any papers shall be deemed to be complete for all purposes when a copy is served on the Co-Lead Counsel.

**SO ORDERED** THIS _____ DAY OF _____, 2010.

_____
Honorable William S. Duffey, Jr.
United States District Court Judge