UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE FOOD SERVICE EQUIPMENT HARDWARE ANTITRUST LITIGATION _____ THIS DOCUMENT RELATES TO: DIRECT PURCHASER ACTIONS | Master Consolidated Case File No. 1:10-cv-1849-WSD |

**ORDER PRELIMINARILY APPROVING SETTLEMENTS
AND AUTHORIZING DISSEMINATION OF NOTICE**

This matter is before the Court on Plaintiffs' Combined Motion for Preliminary Approval of Proposed Settlements with Kason Industries, Inc., Peter A. Katz, and Component Hardware Group, Inc. and For Authorization to Disseminate Notice [105] (the "Combined Motion"). After consideration of the Combined Motion and the matters discussed at the June 2, 2011, hearing on the Combined Motion,

**IT IS HEREBY ORDERED** that Plaintiffs' Combined Motion for Preliminary Approval of Proposed Settlements with Kason Industries, Inc., Peter A. Katz, and Component Hardware Group, Inc., and For Authorization to Disseminate Notice [105] is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. The Court preliminarily approves the Settlement Agreements between the Kason Settlement Class and Kason Industries, Inc. ("Kason") and Peter A. Katz ("Katz") (collectively, the "Settling Kason Defendants") and between the CHG Settlement Class and Component Hardware Group, Inc. ("CHG") (the "Settling CHG Defendants," and together with the Settling Kason Defendants, the "Settling Defendants"). The Court preliminarily determines, based on the information and representations submitted by the parties, that the proposed settlements are fair, reasonable and adequate and directs that the members of both Settlement Classes shall receive notice of the Proposed Settlements in accordance with the terms of this Order.

2. For purposes of these Proposed Settlements only, and pending final approval of the Proposed Settlements after a Final Fairness Hearing, the Court also preliminarily finds that the prerequisites for a class action pursuant to Rule 23(a)–(c) of the Federal Rules of Civil Procedure have been met for the following two Settlement Classes:

The CHG Settlement Class:

> 1. The CHG Settlement Class consists of all persons and entities that purchased Food Service Equipment Hardware within the United States directly from any Defendants or any of their affiliates, or from any alleged co-conspirators or any of their affiliates, from February 1, 2004

through February 11, 2009.  Excluded from the Settlement Class are Defendants, their respective parents, employees, subsidiaries, and affiliates, as well as their alleged co-conspirators and all government entities.

The Kason Settlement Class:

2. The Kason Settlement Class is the same as the CHG Settlement Class, except it also includes purchasers of <u>oven canopy hood and plumbing products</u>.

3. The Court preliminarily finds that certification of both the proposed Settlement Classes is warranted because: (a) the members of each proposed Settlement Class are so numerous that joinder is impracticable; (b) there are questions of law and fact common to each proposed Settlement Class; (c) Plaintiffs' claims present issues that are typical of each proposed Settlement Class; (d) the Plaintiffs and Settlement Class Counsel (as identified below) will fairly and adequately represent and protect the interests of the members of each proposed Settlement Class.  The Court further preliminarily finds that issues of law and fact common to each proposed Settlement Class predominate over any issues affecting only individual members of each proposed Settlement Class and that settlement of this Action is superior to other means available for fairly and efficiently adjudicating the controversy.

4. The Court appoints the firms of Labaton Sucharow LLP and Hausfeld LLP to serve as Plaintiffs' Settlement Class Counsel for both Settlement Classes,

and W. Pitts Carr to serve as Plaintiffs' Settlement Liaison Counsel for both Settlement Classes (collectively "Class Counsel"). Plaintiffs Kohlder Manufacturing Co., Inc. and QualServ Corporation are appointed to serve as the Class Representatives for both Settlement Classes.

5. The Court appoints Rust Consulting, Inc. to serve as the claims administrator.

6. The Court approves the form of the Notice, Claim Form, and Rebate Registration Form attached as Exhibits 4, 5 and 6, respectively, to the Plaintiffs' Memorandum of Law in Support of Combined Motion For Preliminary Approval of Proposed Settlements With Kason Industries, Inc., Peter A. Katz and Component Hardware Group, Inc., and For Authorization to Disseminate Notice. Notice shall be sent informing class members of both Settlement Agreements. The Court finds that the manner of mailing of the Notice set forth below constitutes the best practicable notice under the circumstances as well as valid and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23(c) and the due process requirements of the United States Constitution.

7. On or before twenty-one (21) days from this Order, Class Counsel shall cause the Notice, in substantially the same form as Exhibit 4 referenced

above, to be mailed by first class mail, postage prepaid, to all members of both proposed Settlement Classes, including those identified by the Settling Defendants. Class Counsel shall also provide a copy of the Notice to all persons who request it and shall post a copy of the Notice on the Internet at a readily accessible web address identified in the Notice.  Class Counsel shall notify all counsel for all Settling Defendants if any members of the Settlement Classes elect to opt out of either or both of the Settlement Classes or object to either or both of the Settlement Agreements, within five (5) days of receiving notice of the same.

8.   At least ten (10) days before the date fixed by this Court for the Final Fairness Hearing, Class Counsel shall cause to be filed with the Clerk of this Court an affidavit or declaration of the person under whose general direction the mailing of the Notice was made, showing that mailing was made in accordance with this Order.

9.   A Final Fairness Hearing shall be held by the Court on October 28, 2011 at 11:00 a.m., before the Honorable William S. Duffey, Jr. at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building and Courthouse, 75 Spring Street, SW, Atlanta, GA 30303 to make a final determination whether the proposed Settlement Agreements are fair, adequate, and reasonable to each of the Settlement Classes and should be approved

by the Court, and whether Kason Industries, Inc., Peter A. Katz, and Component Hardware Group, Inc., along with the other Releasees, should be released from all claims, as provided for in the Settlement Agreements.  The Court may reschedule, postpone or adjourn this Final Fairness Hearing without further notice to members of the Class.

10. Any member of either Settlement Class may request to be excluded from the respective Class or Classes to which it belongs.  Such Request of Exclusion must be postmarked within sixty (60) days after the mailing of the Notice, and must otherwise comply with the requirements set forth in the Notice. Any member of a Settlement Class or Classes who does not timely seek exclusion from the respective Class or Classes to which it belongs and who wishes to object to the terms of the relevant Proposed Settlement must do so in writing, must file such objection with the Clerk of Court within sixty (60) days after the mailing of the Notice, and must otherwise comply with the requirements set forth in the Notice.

11. Class Counsel shall file with the Court their motion for final approval of the Proposed Settlement Agreements no less than thirty (30) days prior to the date of the Final Fairness Hearing.

12. Pending final determination of whether the Settlement Agreements should be approved, the Plaintiffs, all Settlement Class members from the Kason Settlement Class, the CHG Settlement Class, or both, and anyone who acts or purports to act on their behalf, shall not institute and are preliminarily enjoined: (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction against Kason, Katz, or CHG (as those entities are defined in the Settlement Agreements) or Thomas Carr, based on, relating to, or arising out of the claims and causes of action in the Amended Complaint or the Released Claims; and (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding against Kason, Katz, or CHG (as those entities are defined in the Settlement Agreements) or Thomas Carr, as a class action on behalf of any members of either Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action in the Amended Complaint or the Released Claims.

13. The litigation against Kason Industries, Inc., Peter A. Katz, and Component Hardware Group, Inc. is stayed except as otherwise required by the Settlement Agreements or orders of this Court.

14. Kason Industries, Inc., and Component Hardware Group, Inc., shall on a quarterly basis submit to Class Counsel, and the Court, a log of all accepted Settlement Rebates. These quarterly rebate reports will be kept Confidential, will not be shown to other Defendants or their counsel, and will not used for any purpose other than the resolution of this litigation.

15. For thirty (30) months after the date of Final Approval, Kason shall apply a 2.75% rebate to the applicable purchases for Food Service Equipment Hardware of any qualifying customer who has properly submitted a Rebate Registration Form. Each claimant who properly submits a Rebate Registration Form will be entitled to receive rebates beginning the quarter in which the Rebate Registration Form is submitted through the end of the rebate period.

16. For twenty-four (24) months after the date of Final Approval, CHG shall apply a 2.75% rebate to the applicable purchases for Food Service Equipment Hardware of any qualifying customer who has properly submitted a Rebate Registration Form. Each claimant who properly submits a Rebate Registration

Form will be entitled to receive rebates beginning the quarter in which the Rebate Registration Form is submitted through the end of the rebate period.

17.     The Court's findings in this Order shall be for purposes of the Combined Motion only, and shall have no impact on future determinations of class certification.

**SO ORDERED** this 3rd day of June, 2011

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE