UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE FOOD SERVICE EQUIPMENT
HARDWARE ANTITRUST LITIGATION

Master Consolidated Case File
No. 1:10-cv-1849-WSD

THIS DOCUMENT RELATES TO:
DIRECT PURCHASER ACTIONS

## ORDER APPROVING COMPONENT HARDWARE GROUP
## SETTLEMENT AGREEMENT AND FINAL JUDGMENT

Plaintiffs and Defendant Component Hardware Group ("CHG")

entered into a Settlement Agreement to fully and finally resolve the

Settlement Class's claims against CHG.  On June 3, 2011, the Court entered

its Order granting preliminary approval of the proposed settlement between

Plaintiffs and Kason and authorizing Plaintiffs to disseminate notice of the

settlement, the fairness hearing, and related matters to the Settlement Class

("Preliminary Approval Order").  On September 8, 2011, the Court approved

the mailing of an additional postcard reminder to class members.  Notice

was provided to the Class pursuant to the Preliminary Approval Order and

September 8, 2011 order, and the Court held a fairness hearing on October

28, 2011.

Having considered Plaintiffs' Combined Motion for Final Approval of

1

Proposed Settlements with Kason Industries, Inc., Peter A. Katz, and

Component Hardware Group, Inc., any objections filed of record, oral

argument presented at the fairness hearing, and the complete record and files

in this matter,

## IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      The Court has jurisdiction over the subject matter of this Action

(and all actions and proceedings consolidated in this Action).

2.      Terms capitalized in this Order and Final Judgment have the

same meaning as those used in the Settlement Agreement.

3.      The Preliminary Approval Order and Order of September 8,

2011 outlined the form and manner by which the Plaintiffs would provide

the Settlement Class with notice of the settlement, the fairness hearing, and

related matters. The notice program included individual notice to members

of the class, using names and addresses of customers provided by Kason.

Proof that the mailing and publication conformed with the Preliminary

Approval Order has been filed with the Court. The Class Notice constituted

the most effective and best notice practicable under the circumstances of the

Settlement Agreement and fairness hearing and constituted due and

sufficient notice for all other purposes to all Persons entitled to receive

notice.

4.     The settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5.     Final approval of the Settlement Agreement with CHG is granted pursuant to Fed. R. Civ. P. 23 (e), because the Settlement Agreement is "fair, reasonable and adequate" to the Class.  In reaching this conclusion, the Court considered the factors set forth in *Bennett* v. *Behring Corp.,* 737 F.2d 982,985 (11th Cir. 1984).

6.     The Preliminary Approval Order dated June 3, 2011 certified the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All persons and entities that purchased Food Service Equipment Hardware within the United States, directly from any Defendants or any of their affiliates, or from any alleged co-conspirators or any of their affiliates, from February 1, 2004 through February 11, 2009. Excluded from the Settlement Class are Defendants, their respective parents, employees, subsidiaries, and affiliates, as well as their alleged co-conspirators and all government entities.

As explained in the Notice to Class Members approved by the Court, for purposes of the above Class definition, "Food Service Equipment Hardware" includes but is not limited to fabricated and other parts used in food service equipment, including hardware such as: handles, hinges, brackets, latches, fasteners, hydraulic and spring-loaded door closers, metal racks, drawer

3

slides, drawers and drawer pans used in walk-in refrigeration, and in stand-along hot and cold food storage equipment; casters, legs, tubing, mounting plates and footings for work tables, food storage, and other cafeteria and food service equipment; equipment and accessories for food preparation equipment; sliding door systems, thermometers, and other accessories for walk-in refrigeration; other fabrication supplies used in the production of food service equipment.

7.      The persons and entities identified in Exhibit A, which is attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Settlement Class and are hereby excluded from the Settlement Class, not bound by this Order and Final Judgment, and may not make any claim or receive any benefit from the settlement, whether monetary or otherwise. Said excluded persons may not pursue any Released Claims on behalf of those who are bound by this Order and Final Judgment. Each Settlement Class member not appearing in Exhibit A is bound by this Order and Final Judgment, and will remain forever bound.

8.      The Action is dismissed, with prejudice and in its entirety, on the merits, and except as provided for in the Settlement Agreement, without costs, as to Kason and any other Releasee who is a Defendant in the Action.

4

This dismissal shall not affect, in any way, Plaintiffs' right to pursue claims, if any, outside the scope of the Release set out in Paragraph 35 of the Settlement Agreement.

9.      Upon the occurrence of the Effective Date, the Releasors are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Claims released in Paragraph 37-40 of the Settlement Agreement against any Releasee, directly, indirectly, derivatively, or in any capacity whatsoever.

10.      The escrow account established by the parties, and into which CHG has deposited four hundred thousand dollars ($400,000) and will deposit an additional four hundred thousand dollar ($400,000) pursuant to the Settlement Agreement, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

11.      Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of this final judgment of dismissal forthwith as to the Releasees.

SO ORDERED this 28ᵗ day of October , 2011

William S. Duffey, Jr.
United States District Judge

Exhibit A

(to Proposed Order Approving Settlement Agreement and Final Judgment)


Holley Services, Inc.

906 S. Center

P.O. Box 190

Tenaha, TX 75974


Global Equipment & Supplies

216 S Marengo Ave

Pasadena, CA 91101