IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE FOOD SERVICE EQUIPMENT HARDWARE ANTITRUST LITIGATION | Master Consolidated Case File 1:10-cv-1849-WSD |

## OPINION AND ORDER

The matter is before the Court on the Motion for Award of Attorneys' Fees and Reimbursement of Expenses [114] filed by Qualserv Corporation ("Qualserv"); Kohlder Manufacturing Co., Inc. ("Kohlder"); All Star Carts & Vehicles, Inc.; American Hood Systems, Inc.; Raymond L. Masse; DBA Capital Area Refrigeration; DBA Lou's Refrigeration, Heating & Cooling; and the Settlement Class's (collectively "Plaintiffs") Class Counsel and Settlement Liaison Counsel.[1]

## I.   BACKGROUND

On September 17, 2010, Plaintiffs and Defendant Component Hardware Group, Inc. ("CHG") entered into a proposed Settlement Agreement to fully and

---

[1] Plaintiffs' Class Counsel refers to Hausfeld LLP and Labaton Sucharow LLP and Settlement Liaison Counsel refers to Carr & Palmer, LLP.

finally resolve the claims against CHG. CHG's Settlement Agreement provided that it would cooperate with Plaintiffs' Class Counsel in its claims against Defendants Kason Industries, Inc. ("Kason") and Peter A. Katz ("Katz").

On March 1, 2011, Plaintiffs and Kason and Katz entered into a proposed Settlement Agreement to fully and finally resolve the claims against them.

On June 3, 2011, the Court entered its Order granting preliminary approval of the proposed settlements between Plaintiffs and all Defendants and authorizing Plaintiffs to disseminate notice of the settlements, the fairness hearing, and related matters to the Settlement Class ("Preliminary Approval Order").

The Preliminary Approval Order dated June 3, 2011, certified the following Settlement Class (the "Class") pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> [A]ll persons and entities that purchased Food Service
> Equipment Hardware within the United States directly
> from any Defendants or any of their affiliates, or from
> any alleged co-conspirators or any of their affiliates, from
> February 1, 2004 through February 11, 2009. Excluded
> from the Settlement Class are Defendants, their
> respective parents, employees, subsidiaries, and affiliates,
> as well as their alleged co-conspirators and all
> government entities.

The Notice to Class Members indicated that Plaintiffs would seek an attorneys' fee award not to exceed 30% of the total settlement fund, plus reasonable expenses. The Notice to Class Members established a deadline of

August 23, 2011, for objecting to the terms of the settlement or the fee and expense request. No objections were filed.

On September 8, 2011, the Court approved the mailing of an additional postcard reminder to Class members. Notice was provided to the Class pursuant to the Preliminary Approval Order and September 8, 2011, Order.

The Preliminary Approval Order and Order of September 8, 2011, outlined the form and manner by which the Plaintiffs would provide the Class with notice of the settlement, the fairness hearing, and related matters. The Notice program included individual notice to members of the class, using names and addresses of customers provided by Defendants. Proof that the mailing and publication conformed with the Preliminary Approval Order has been filed with the Court.

The Class Notice constituted the most effective and best notice practicable under the circumstances of the Settlement Agreement and fairness hearing and constituted due and sufficient notice for all other purposes to all persons entitled to receive notice.

On October 11, 2011, Plaintiffs' Class Counsel and Settlement Liaison Counsel submitted their motions for settlement approval and attorneys' fees in this class action (the "Action") against Defendants.

On October 28, 2011, the Court held a fairness hearing and approved the proposed settlements with Defendants. The settlements were attained following an extensive investigation of the facts and resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions. Through the actions of Plaintiffs' counsel, Defendants will pay $1.8 million in cash as part of the settlement and provide potentially millions of dollars worth of rebates on the purchases of new food service equipment hardware.[2]

Plaintiffs' counsel included the Class Counsel and eleven affiliated firms — Carr & Palmer LLC; Boni & Zack LLC; Fine, Kaplan and Black, R.P.C.; Saltz, Mongeluzzi, Barrett & Bendesky, P.C.; Kohn, Swift, & Graf, P.C.; Edelson & Associates, LLC; The Muzilla Law Firm, LLC; Cohen Milstein Sellers & Toll PLLC; Preti, Flaherty, Beliveau & Pachios, LLP; Bernard M. Gross, P.C.; and Hans Loeser & Parks LLP. Working on a contingent fee basis, the total lodestar amount of attorneys' fees accrued by all counsel working on behalf of Plaintiffs in

---

[2] All class members are eligible for a 2.75% rebate on all food service equipment hardware purchases made from CHG during a 24-month period starting on November 1, 2011. All class members are also eligible a 2.75% rebate on all food service equipment hardware purchases, to include oven hoods and plumbing products, made from Kason during a 30-month period starting on November 1, 2011. Depending on the volume of purchases, it is projected that the value of rebates could exceed $5 million.

this Action is $925,813.75.  The total amount of expenses, including notice and settlement administration costs, that counsel claim to have accrued in working on behalf of Plaintiffs is $154,264.98.

Plaintiffs request that the Court award attorneys' fees of 25% of the $1.8 million cash portion of the common settlement fund, or $450,000; approve the reimbursement of expenses incurred in connection with the prosecution of this Action in the amount of $154,264.98; and approve an award of $10,000 to each of the Representative Plaintiffs, Qualserv and Kohlder, to compensate them for the time they have invested in the Action.  The fee request is consistent with the Notice that advised Class members Plaintiffs' Class Counsel would apply for an award of up to 30% of the Settlement Fund, plus reasonable expenses.

Plaintiffs' Class Counsel submitted the affidavits and declarations from counsel involved in the litigation and supporting documentation for its claimed expenses [114, 122].  Plaintiffs' Class Counsel have relied on these declarations in moving for reimbursement of their attorneys' fees and expenses.

## II. DISCUSSION

It is well-settled that attorneys who represent a class and achieve a significant benefit for the class are entitled to be compensated for their services. Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980); Ressler v. Jacobson, 149

F.R.D. 651, 652 (M.D. Fla. 1992).  The amount of fees requested by counsel "is subject to court approval."  Camden I Condo. Ass'n v. Dunkle, 946 F.2d 768, 771 (11th Cir. 1991).  Under the "common benefit" doctrine, when litigation confers substantial benefits on members of a class, courts are authorized to award attorneys' fees to class counsel to spread the costs proportionately among class members.  Id. at 771; see also Mills v. Elec. Auto-Lite Co., 396 U.S. 375, 392-93 (1970).  The Eleventh Circuit has instructed that "attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class."  Camden I, 946 F.2d at 774.

The Eleventh Circuit has recommended that district courts consider several factors to determine what constitutes a reasonable attorney fee award.  Camden I, 946 F.2d at 774.  These factors include: (1) the time and labor required; (2) the novelty and the difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Camden I, 946 F.2d

6

at 772 n.3 (citing <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974)).[3]

While there is no set rule governing what constitutes a reasonable fee, common fund cases in district courts in the Eleventh Circuit have awarded fee percentages greater than the 25% requested here.  <u>See, e.g.</u>, <u>In re Friedman's, Inc. Sec. Litig.</u>, No. 1:03-cv-3475-WSD, 2009 WL 1456698 (N.D. Ga. May 22, 2009) (Duffey, J.) (awarding 30% of $14.9 million settlement fund plus interest and expenses); <u>In re BellSouth Corp. Sec. Litig.</u>, No. 1:02-cv-2142-WSD (N.D. Ga. Apr. 9, 2007) (Duffey, J.) (awarding 30% of $35 million settlement fund plus interest and expenses); <u>In re Cryolife, Inc. Sec. Litig.</u>, No. 1:02-cv-1868-BBM (N.D. Ga. Nov. 9, 2005) (Martin, J.) (awarding 30% of $23.25 million settlement fund plus interest and expenses); <u>In re Profit Recovery Group Int'l, Inc. Sec. Litig.</u>, No. 1:00-cv-1416-CC (N.D. Ga. May 26, 2005) (Cooper, J.) (awarding 33 1/3% of $6.75 million settlement fund plus interest and expenses); <u>In re Clarus Corp. Sec. Litig.</u>, No. 1:00-CV-2841-CAP (N.D. Ga. Jan. 6, 2005) (Pannell, J.) (awarding 33

---

[3] The <u>Camden I</u> court also recognized additional factors that a court may consider in awarding a percentage of the fund award including: (1) whether the settlement confers non-monetary benefits upon the class; (2) whether there are any substantial objections to the settlement terms or fee requests; (3) the economics involved in prosecuting a class action; (4) the time required to reach settlement; and (5) any additional factors unique to a particular case which may be relevant to the district court's consideration.  946 F.2d at 775.

1/3% of $4.5 million settlement fund plus interest and expenses); In re Pediatric Servs. of Am., Inc. Sec. Litig., No. 1:99-CV-0670-RLV (N.D. Ga. Mar. 15, 2002) (Vining, J.) (awarding 33-1/3% of $3.2 million settlement fund plus interest and expenses).

The Court's review of the efforts and time expended by Plaintiffs' Class Counsel establishes that the requested fee is justified. Plaintiffs' Class Counsel exerted substantial efforts in this Action. Plaintiffs' Class Counsel accumulated total billings of $925,813.75, for which they have not previously applied for or received fees. Given the requested fee of $450,000, Plaintiffs' Class Counsel's fee request represents a multiplier of approximately .49 of the lodestar attorneys' fees accrued by counsel.

The contingent nature of fees in this case should also be given substantial weight in assessing the requested fee award. See Behrens v. Wometco Enters., Inc., 118 F.R.D. 534, 548 (S.D. Fla. 1988), aff'd, 899 F.2d 21 (11th Cir. 1990) ("A contingency fee arrangement often justifies an increase in the award of attorneys' fees."). "Lawyers who are to be compensated only in the event of victory expect and are entitled to be paid more when successful than those who are assured of compensation regardless of result." Jones v. Diamond, 636 F.2d 1364, 1382 (5th Cir. 1981) (en banc), overruled on other grounds by, Intern. Woodworkers of Am.,

AFL-CIO v. Champion Intern. Corp., 790 F.2d 1174 (5th Cir. 1986). The percentage of the common fund approach to attorneys' fees is intended to reward attorneys who take on contingent cases:

> The rationale behind awarding a percentage of the fund to counsel in common fund cases is the same as that which justifies permitting contingency fee arrangements in general. The underlying premise is the existence of risk — the contingent risk of nonpayment . . . . The higher payment due under a contingency fee reflects the fact that the lawyer will realize no return for his investment of time and office expenses in the cases he loses.

In re Combustion, Inc., 968 F. Supp. 1116, 1132 (W.D. La. 1997) (citations omitted).

"It is [also] well-settled that one of the primary determinants of the quality of the work performed is the result obtained." Ressler, 149 F.R.D. at 655. Plaintiffs' Class Counsel negotiated a cash settlement of $1,800,000 and rebates that could be worth an additional $5 million. Plaintiffs mailed Notices to Class Members and provided all members of the Class the opportunity to object to the settlement or distribution of fees and expenses. To date, Plaintiffs have not received a single objection to the fee and expense application. The lack of objections to the attorneys' fee and expense award is evidence that the requested fee is fair. See In re SmithKline Beckman Corp. Sec. Litig., 751 F. Supp. 525, 533

9

(E.D. Pa. 1990); Ressler, 149 F.R.D. at 656 (noting that the lack of objections is "strong evidence of the propriety and acceptability" of the fee request).

The Court finds in this case that the fee requested by Plaintiffs' Class Counsel is a fair fee and is justified by the substantial work performed by counsel and the recovery to the Class. Their request for a 25% fee of the cash portion of the settlement fund is reasonable for this case and is typical of contingency fees in class actions in this market for legal services.

The Court also finds that the claimed expenses in the prosecution of this Action in the amount of $154,264.98 is fair, reasonable, appropriately incurred, and justified by the affidavits submitted by counsel. See Oh v. AT&T Corp., 225 F.R.D. 142, 154 (D.N.J. 2004); Ressler, 149 F.R.D. at 657; Behrens, 118 F.R.D. at 549. This includes amounts incurred for travel and lodging, copying, court fees, claims administration, computerized research, and other customary expenditures. The expenses incurred were reasonable and necessary to obtain the Settlement and do not include costs for overhead.

As with the requested attorneys' fees, Plaintiffs' Class Counsel have not received a single objection to this expense request. The Court reviewed the requested expenses and supporting bills in detail. The Court finds the expenses requested to be reasonable in light of work performed by Plaintiffs' Class Counsel

and proportionate to the Class recovery in this case and the amount of attorneys' fees awarded.

The Court also finds that the award of $10,000 to each Representative Plaintiff is reasonable and consistent with the individual plaintiff payments approved in other class actions in this district and circuit.  See, e.g., Hillis v. Equifax Consumer Servs., No. 104-CV-3400-TCB, 107-CV-314-TCB, 2007 WL 1953464, at *17 (N.D. Ga. June 12, 2007) (citing In re Domestic Air Transp. Litig., 148 F.R.D. 297 (N.D. Ga. 1993)).

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Class Counsel, Settlement Liaison Counsel, and affiliated counsel are awarded from the Settlement Fund attorneys' fees in the amount of **$450,000** and reimbursement of expenses in the amount of **$154,264.98**.

**IT IS FURTHER ORDERED** that Each Representative Plaintiff is awarded **$10,000**.

**SO ORDERED** this 27th day of December, 2011.

_/s/ William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE